IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNY BEANE,

        Plaintiff,

vs.

HAROLD K. PIKE, III,

        Defendant.

Case No. 12-cv-823-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Kenny Beane's motions for leave to proceed *in forma pauperis* (Doc. 2) and to appoint counsel (Doc. 3).

    The Court noted in a prior order that a federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

    The Court found that Beane was indigent but was unable to determine whether he had

pled a non-frivolous cause of action because his complaint contained few factual allegations. The Court gave Beane an opportunity to supplement his complaint telling the Court the facts that underlie his claim, and Beane filed three supplements (Docs. 7, 8 & 9). The Court gathers from those documents that Beane had a dispute with Pike. Beane asserts that Pike deprived Beane of his first amendment rights. The Court is unable, however, to discern any more facts that demonstrate Beane has a plausible claim for relief against Pike. Beane's complaint simply fails (1) to describe the claim in sufficient detail to give fair notice of what the claim is and the grounds upon which it rests or (2) to plausibly suggest that Beane has a right to relief above a speculative level, as required by federal pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Accordingly, the Court **DENIES** Beane's motion for leave to proceed *in forma pauperis* (Doc. 2) and for appointment of counsel (Doc. 3) and **DISMISSES** Beane's claims **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED:** August 21, 2012

                                                     s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**